IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01092-WYD-MEH

COUNTRYMAN NEVADA, LLC, a California limited liability company,

      Plaintiff,

v.

DOES 1-11,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 29, 2014.**

      Before the Court is a "Notice of Motion and Motion for Order Vacating and Setting Aside Default (and Default Judgment)" apparently filed by Defendant Doe #5 [filed May 28, 2014; docket #19]. To the extent the motion seeks to set aside a default or default judgment, the motion is **denied as moot**; neither a default nor a default judgment has been entered in this case.

      However, the Court notes that, in the content of the motion, the movant seeks to "quash the subpoena" because it "is requesting privileged or confidential information." This request is **denied without prejudice** for the following reasons.

      First, from the content of the present motion, the Court infers that Doe #5 seeks to proceed in this litigation anonymously. However, he has failed to properly seek permission from the Court to do so. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment").

      Therefore, if Doe #5 wishes to re-file his motion in accordance with this order and all applicable local and federal court rules, he may do so **on or before June 9, 2014** and must first (or contemporaneously) file a motion to proceed anonymously in accordance with Rule 11(a).

      The Court will construe the present motion and its attachments as Doe #5's supplement containing his name and address for Court records; accordingly, the Clerk of the Court is directed to maintain the motion and attachments (docket #16) under Restriction Level 2 until further order of the Court.

Moreover, if Doe #5 wishes to re-file his motion to quash, he must attach a copy of the subpoena to the motion.

In addition, the Court directs the Clerk to send a copy of this order to the address listed in docket #16 at 4. The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.